# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

CECIL BAILEY,  
    Petitioner,

vs.

WARDEN, LEBANON CORRECTIONAL INSTITUTION,  
    Respondent.

Civil Action No. 1:09-cv-782

Beckwith, J.  
Wehrman, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings this case pro se seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 1), respondent's motion to dismiss (Doc. 12), and petitioner's response in opposition to the motion to dismiss. (Doc. 13).

## I. PROCEDURAL HISTORY

### State Court Trial Proceedings

Petitioner was indicted on charges of aggravated robbery with specifications and robbery in May 2005. (Doc. 12, Exh. 1). While out on bond, he was charged in a separate indictment for having weapons while under disability. (Doc. 12, Exh. 3). The cases were consolidated for trial, and on December 15, 2005, petitioner was found guilty of all charges following a jury trial. (Doc. 12, Exhs. 1-5). The trial court sentenced petitioner to an aggregate term of fifteen years imprisonment. (Doc. 12, Exhs. 6, 7).

### Direct Appeal

Petitioner filed a timely appeal to the First District Court of Appeals, Hamilton County, Ohio. (Doc. 12, Exhs. 8, 9). On April 27, 2007, the Ohio Court of Appeals affirmed petitioner's

convictions, but with the exception of the firearm specification, vacated his sentence and remanded the case for resentencing under *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470 (2006).[1] (Doc. 12, Exh. 13).

### Resentencing

On May 14, 2007, the trial court entered a nunc pro tunc entry and resentenced petitioner to an aggregate term of fifteen years imprisonment. (Doc. 12, Exhs. 14, 15). Petitioner did not seek further appellate review of his resentencing.

### Motion for a New Trial

Meanwhile, on March 26, 2007, petitioner, through counsel, filed a delayed motion for a new trial. (Doc. 12, Exh. 16). Simultaneously, petitioner filed a motion for a new trial based on newly discovered evidence, to wit, an affidavit of his co-defendant alleging he acted alone. (Doc. 12, Exh. 17). The trial judge granted leave to file the delayed motion and held a hearing at which petitioner's co-defendant testified. The trial judge ultimately overruled the motion for a new trial. (Doc. 12, Exhs. 18, 19).

Petitioner, through counsel, filed a timely notice of appeal. (Doc. 12, Exhs. 20, 21). On April 9, 2008, the Ohio Court of Appeals affirmed the trial court's denial of the motion for a new trial. The state appellate court noted that the affidavit of petitioner's co-defendant contradicted petitioner's statement to police officers as well as petitioner's trial testimony. (Doc. 12, Exh. 25). The Court of Appeals also determined that the trial court was in the best position to assess the

---

[1] In *State v. Foster*, the Supreme Court of Ohio held that several provisions of Ohio's felony sentencing statute were unconstitutional pursuant to the United States Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), which held that an enhanced sentence imposed by a judge under a state's sentencing statute–based on facts neither admitted by the defendant nor found by a jury–violated the Sixth Amendment right to trial by jury under the United States Constitution.

credibility of the victim's testimony, in which she described petitioner as having an active role in the robbery. *Id*.

Petitioner did not seek further discretionary review of this decision in the Ohio Supreme Court.

### Application to Reopen Under Ohio App. R. 26(B)

On November 7, 2008, petitioner filed a pro se application to reopen his appeal under Ohio App. R. 26(B) asserting he was denied the effective assistance of counsel during his motion for new trial appellate proceedings. (Doc. 12, Exh. 26). The Ohio Court of Appeals denied the application to reopen on March 5, 2009, finding that petitioner's application was untimely and that petitioner failed to establish good cause for his filing delay. (Doc. 12, Exh. 27).

Petitioner filed a timely appeal to the Ohio Supreme Court, which dismissed the appeal as not involving any substantial constitutional question. (Doc. 12, Exhs. 28-31).

### Federal Habeas Corpus

On October 20, 2009, petitioner filed a pro se petition for a writ of habeas corpus. (Doc. 1).[2] The petition sets forth two grounds for relief:

> **GROUND ONE:** PETITIONER'S STATE CONFINEMENT IS VIOLATIVE OF THE DUE PROCESS CLAUSE, U.S. CONSTITUTION.
>
> **Supporting Facts:** Where Petitioner's State court indictment for both aggravated robbery and having weapons under disability fail to charge the offense under Ohio law, his continued confinement by Respondent is violative of the Due Process Clause of the United States Constitution because he is being deprived of liberty witout (sic) process that's due him.
>
> **GROUND TWO:** PURSUANT TO ARTICLE III U.S. CONSTITUTION

---

[2] Under the prison "mailbox rule" set forth in *Houston v. Lack,* 487 U.S. 266, 270 (1988), the Court construes the petition as being filed on October 20, 2009, when petitioner certified he placed his petition in the prison mail system. (Doc. 1 at 15).

3

> HABEAS RELIEF MUST BE MADE PERMANENT.
>
> **Supporting Facts:** Once this federal habeas court determines that State trial court lacked subject-matter jurisdiction under State law, Court is obligated to say so and order immediate discharge from State coustody (sic) Confer 28 U.S.C. §1367-Pendetn (sic) Jurisdiction.

(Doc. 1).

## II.  THE PETITION SHOULD BE DISMISSED AS TIME-BARRED.

Respondent contends that the petition is untimely and barred by the statute of limitations.  For the reasons that follow, the Court agrees and concludes that the petition should be dismissed as time-barred.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, the petition challenges the sufficiency of the indictments. Because petitioner was aware of the facts underlying his claims at the time of his resentencing, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review."[3]

Under § 2244(d)(1)(A), petitioner's conviction became "final" on June 13, 2007, upon expiration of the 30-day period for filing an appeal to the Ohio Court of Appeals from the resentencing decision made on May 14, 2007. *See* Ohio R. App. P. 4(A). The statute of limitations commenced running the following day and expired one year later on May 14, 2008, *see* Fed. R. Civ. P. 6; *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.

Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id. See Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999), *cert. denied*, 530 U.S. 1210 (2000). *See also Artuz v. Bennett,* 531 U.S. 4, 8-9 (2000).

In this case, petitioner's motion for a new trial tolled the running of the statute of limitations until April 9, 2008, when the state appellate court affirmed the trial court's denial of the motion for new trial. The motion remained "pending" under § 2244(d)(2) during the forty-five day period petitioner could have sought (but did not seek) discretionary review in the

---

[3]Petitioner has not argued for an alternate commencement date for the statute of limitations under Section 2244(d)(1)(B), (C), or (D), nor does the Court perceive any justification for a later start date.

Supreme Court of Ohio. *See Martin v. Wilson*, 110 Fed. Appx. 488, 490 (6th Cir. Aug. 11, 2004) (citing *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002)); *Gravitt v. Tyszkiewicz*, 35 Fed. Appx. 116, 118 (6th Cir. Jan. 24, 2002) (citing *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000)). *See also Williams v. Bruton*, 299 F.3d 981, 983 (8th Cir. 2002) (application for state post-conviction or other collateral review remains "pending" during time in which prisoner may appeal denial of application, even if prisoner does not appeal) (and cases cited therein). *But cf. Lawrence v. Florida*, 549 U.S. 327, 330-36 (2007) (tolling under 28 U.S.C. § 2244(d)(2) does not take into account the period of time in which petitioner sought or could have sought *federal* certiorari review by the Supreme Court).

However, petitioner's November 7, 2008 application to reopen his appeal under Ohio App. R. 26(B) did not further toll the running of the limitations period because that application was not "properly filed" within the meaning of § 2244(d)(2). A "properly filed" petition for post-conviction relief is one delivered and accepted in compliance with the applicable state court rules governing those filings. *Artuz*, 531 U.S. at 8. Thus, where a prisoner's post-conviction petition is dismissed by a state court as untimely-filed, the petition is not "properly filed" for purposes of tolling the limitations period under § 2244(d)(2) and cannot serve to toll the limitations period. *See Pace v. DiGuglielmo,* 544 U.S. 408, 413, 417 (2005). *See also Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003); *Israfil v. Russell*, 276 F.3d 768, 771-72 (6th Cir. 2001), *cert. denied*, 535 U.S. 1088 (2002). This Court must accord deference to the state courts as "the final authority on state law" and "must accept a state court's interpretation of its statutes and its rules of practice." *Vroman,* 346 F.3d at 603; *Israfil,* 276 F.3d at 771. Because petitioner's Rule 26(B) application was denied as untimely by the Ohio Court of Appeals, it cannot toll the

6

statute of limitations in this case.

Accordingly, the one-year statute of limitations began to run on May 25, 2008, the day after the expiration of the time for seeking review of the denial of the application to reopen in the Supreme Court of Ohio. It expired one year later on May 25, 2009.[4] Petitioner's habeas corpus petition was filed on October 20, 2009, nearly five months too late, and was therefore untimely.

The Court must consider whether the statute of limitations may be equitably tolled in this case. The AEDPA statute of limitations is not jurisdictional and may be tolled under appropriate, but limited, circumstances. *See Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 587-88 (6th Cir. 2009); *Allens v. Yukins*, 366 F.3d 396 (6th Cir.), *cert. denied*, 543 U.S. 865 (2004). Before equitable tolling is appropriate, petitioner must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005) (internal quotation marks omitted)). Equitable tolling decisions are made on a case-by-case basis. *Sherwood*, 579 F.3d at 588; *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005).

Petitioner argues his state conviction is void under state law and therefore falls within the actual innocence or manifest miscarriage of justice exception to the statute of limitations bar. (Doc. 13 at 1). In *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), the Sixth Circuit held that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." 395 F.3d at 599 (following *Schlup v. Delo*, 513 U.S. 298 (1998)). The *Souter* Court held that "where an otherwise time-barred habeas petitioner can demonstrate that it

---

[4]Since the one-year period for filing the petition expired on Sunday, May 24, 2009, petitioner had until the following business day, Monday, May 25, 2009, to file his petition. *See* Fed. R. Civ. P. 6.

7

is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter*, 395 F.3d at 602.

Petitioner does not meet his burden of establishing actual innocence under *Souter*. To make the necessary showing, petitioner must support his allegations of constitutional error "with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. Because petitioner has provided no new exculpatory evidence, *Souter* does not apply to toll the statute of limitations. *See Ross v. Berghuis*, 417 F.3d 552, 555 (6th Cir. 2005).

Petitioner also contends that the defective indictment under which the offenses were charged deprived the trial court of jurisdiction to convict and thereby establishes his innocence in this case, citing *State v. Colon,* 118 Ohio St.3d 26, 885 N.E.2d 917 (2008) (*Colon I*). (Doc. 12, Exh. 26). In *Colon I*, the Ohio Supreme Court held that an indictment that fails to charge the *mens rea* element of a crime violates the constitutional right to notice and due process. However, *Colon I* applies prospectively only to cases pending on April 9, 2008 when *Colon I* was decided and not to convictions which had already become final before that date, such as petitioner's. *See State v. Colon,* 119 Ohio St.3d 204, 893 N.E.2d 169 (2008) (*Colon II* ). Therefore, petitioner is not entitled to equitable tolling on this basis.

Petitioner also asserts that the state trial court judgment pursuant to which he is incarcerated is void for lack of subject matter jurisdiction, citing *State v. Cimpritz*, 185 Ohio St. 490, 491, 110 N.E.2d 416, 417 (1953), which held that a charging instrument which does not state an offense fails to convey jurisdiction under Ohio law. This argument was recently considered and rejected by this Court:

8

> [A]lthough a federal habeas court can vacate a judgment of a state court acting without jurisdiction, the question of whether the state court in question had jurisdiction is a question of state law.
>
> Petitioner asserts that it is established Ohio law that omission of an element from an indictment deprives the court in which the indictment is returned of subject matter jurisdiction, relying on *Cimpritz, supra*. That is indeed a holding of *Cimpritz*. See ¶ 6 of the syllabus, 158 Ohio St. at 491, 110 N.E.2d 416. Petitioner believes *Cimpritz* is so clearly controlling that *Colon I* is merely an application of *Cimpritz*. . . . However, in *Midling v. Perrini*, 14 Ohio St.2d 106, 236 N.E.2d 557 (1968), the Ohio Supreme Court held that failure to object that an indictment does not state an offense must be raised in the trial court and cannot be raised for the first time on appeal because it does not deprive the trial court of subject matter jurisdiction. *See also State v. Cochran*, 1995 Ohio App. LEXIS 5809 (Ohio App. 2nd Dist. Dec. 29, 1995); *State v. Burkitt*, 84 Ohio App.3d 214, 624 N.E.2d 210 (Ohio App. 2nd Dist.1993).

*Taylor v. Brunsman*, No. 3:10-cv-44, 2010 WL 2465373, at *5 (S.D. Ohio May 11, 2010)[5] (Merz, M.J.), adopted, 2010 WL 2465372 (S.D. Ohio June 10, 2010) (Rose, J.). *See White v. Brunsman*, No. 3:07-cv-26, 2010 WL 2731389, at *4 -5 (S.D. Ohio May 7, 2010) (Ovington, M.J.), adopted, 2010 WL 2730963 (S.D. Ohio July 9, 2010) (Black, J.). *See also State v. Shie*, No. CA2007-02-038, 2008 WL 296395, at *5 (Ohio App. 12 Dist. Feb. 4, 2008) ("What *Midling* makes clear is that a judgment of conviction arising from an indictment that omitted a material element of the charged offense is not void for lack of subject matter jurisdiction, but, instead, merely voidable on a direct appeal from that judgment of conviction.").

Here, petitioner did not object to the indictment in the trial court nor raise the issue on direct appeal.[6] Thus, as a matter of Ohio law, the trial court was not deprived of subject matter jurisdiction in his case. Thus, petitioner is not entitled to equitable tolling or any other relief on

---

[5]The *Taylor* Court noted that "[t]he Ohio Supreme Court does not cite *Cimpritz* at all in *Colon I*, so it obviously did not consider the case controlling." 2010 WL 2465373, at *5 n.2.

[6]Petitioner raised his *Colon* and *Cimpritz* claims for the first time in his application to reopen under Ohio App. R. 26, which the state appellate court denied as untimely. (Doc. 12, Exhs. 26, 27).

9

the basis of *Cimpritz*.

Since petitioner fails to establish actual innocence under the standard enunciated in *Souter*, the Court examines the five factors outlined in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001), to determine whether equitable tolling of the limitations period is appropriate. *See, e.g., Craig v. White*, 227 Fed. Appx. 480 (6th Cir. 2007); *Harvey v. Jones*, 179 Fed. Appx. 294 (6th Cir. 2006). In determining whether equitable tolling is appropriate, the Court examines five non-exclusive factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. *See also Sherwood*, 579 F.3d at 588. These five factors are neither comprehensive nor relevant in all cases. *Sherwood*, 579 F.3d at 588. The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id. See also Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003). Petitioner bears the burden of showing he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

Petitioner has made no attempt to apply the five *Dunlap* factors to this case. Moreover, there is no evidence in the record that even remotely suggests petitioner lacked notice or constructive knowledge of the filing requirement for federal habeas petitions or that he has been diligent in pursuing his rights. Therefore, equitable tolling under *Dunlap* is inappropriate in this

case.

Accordingly, the undersigned concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the petition is time-barred and should be dismissed.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 12) be **GRANTED** and the petition be **DISMISSED** with prejudice on the ground that it is barred from review under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to the petition, which this Court has concluded is barred by the statute of limitations, because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[7]

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date: August 27, 2010        s/ J. Gregory Wehrman
       J. Gregory Wehrman
       United States Magistrate Judge

---

[7] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim. *See Slack*, 529 U.S. at 484.

11

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CECIL BAILEY,  
    Petitioner,

vs.

WARDEN, LEBANON CORRECTIONAL  
INSTITUTION,  
    Respondent.

Civil Action No. 1:09-cv-782

Beckwith, J.  
Wehrman, M.J.

## NOTICE

Attached hereto is a Report and Recommendation in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation **within 14 DAYS** of the filing date of this R&R. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s)   Any response by an opposing party to the written objections shall be filed **within 14  DAYS** after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).